Argued and submitted December 14, 1990, judgment for attorney fees for
Leamen reversed; judgment for attorney fees for Banks reversed and remanded
February 27, 1991

Thomas U. MARLOW,
*Appellant,*

*v.*

THE GREENLINE ENTERPRISES, INC.,
*Defendant,*

*and*

Robert A. LEAMEN
and James Banks,
*Respondents.*

(89-90816; CA A64424)

806 P2d 180

Gary R. Ackley, Cottage Grove, argued the cause and filed the brief for appellant.

Bruce C. Moore, Eugene, argued the cause for respondents. On the brief was Ronald V. Freeman, Eugene.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff appeals the award of attorney fees to defendants under ORS 20.105(1).[1]

Plaintiff arranged for defendant Leamen to transport a load of Christmas trees to California. Leamen works for The Greenline Enterprises, Inc. (Greenline). The trees were damaged en route, and plaintiff sued Leamen and Banks, Greenline's vice-president, "dba The Greenline Enterprises Inc.," in small claims court. After the court set aside a default judgment against Leaman and Banks, plaintiff filed his complaint in district court.

Before trial, plaintiff moved for leave to file an amended complaint naming Greenline as a defendant and removing Banks from the case. The trial court granted the motion but later dismissed as to Greenline, because it had not been properly served. The case proceeded against Leamen, and the jury found in his favor. The court then granted Banks' and Leamen's requests for attorney fees under ORS 20.105(1). As part of his objection, plaintiff submitted an affidavit stating that he did not file the claims in bad faith, wantonly or solely for oppressive reasons.

The Supreme Court recently said:

> "An award of attorney fees under ORS 20.105(1) is appropriate when the court has made the following findings: (1) the party to whom attorney fees are to be awarded is a prevailing party; (2) the claim, defense, or ground for appeal or review is without merit; and (3) the party taking the meritless position has done so with an improper purpose." *Mattiza v. Foster,* 311 Or 1, 803 P2d 723 (1990).

The trial court concluded that the claim against Leamen was meritless. Even so, the record contains no evidence that plain-

---

[1] ORS 20.105(1) provides:

"In any civil action, suit or other proceeding in a district court, a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court may, in its discretion, award reasonable attorney fees appropriate in the circumstances to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party wilfully disobeyed a court order or acted in bad faith, wantonly or solely for oppressive reasons."

tiff acted with an improper purpose. The trial court erred in awarding attorney fees to Leamen.

■     The trial court made no findings before awarding fees to Banks. We agree with the trial court's implicit conclusion that the claim against him was meritless. Plaintiff was represented by an attorney during the district court proceedings. He knew that Greenline was a corporation, but he sued Banks as the vice-president without pleading any theory of personal liability. Plaintiff argues, however, that he did not act with an improper purpose, because the inclusion of Banks' name on the original complaint was merely a mistake and he never intended to sue him personally. Where there is supporting evidence, the question whether plaintiff acted with an improper purpose is a question of fact. We remand to the trial court to make that finding and enter judgment accordingly.

Judgment for attorney fees for Leamen reversed; judgment for attorney fees for Banks reversed and remanded for proceedings not inconsistent with this opinion.